[No. B044076. Second Dist., Div. Two. Mar. 9, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAWN KAY BOHLEN, Defendant and Appellant.

**COUNSEL**

Goldfein, Schwartzberg & Stark and Richard Schwartzberg for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Zaven V. Sinanian, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GATES, Acting P. J.**—Defendant Dawn Kay Bohlen appeals from the judgment (order granting probation) entered upon her plea of no contest to charges that she drove a motor vehicle when she was so under the influence that her blood-alcohol content exceeded 0.20 percent and while so doing she committed an unlawful act that resulted in injury to another. (Veh. Code, § 23153, subds. (a) and (b), § 23206.1.) She contends:

"Penal Code section 1387 barred prosecution of appellant in information A042185 after the People suffered two dismissals in prosecutions 88L05329 and A041266."

We frequently have rejected such a contention when presented under similar factual circumstances. However, since we regarded its resolution as clear, we have not published our decisions. In the hope of breaking this cycle, we will do so here.

Though in view of appellant's plea, the facts underlying the instant charges were not established by trial, the record indicates that at approximately 2 a.m., while driving under the influence of alcohol or drugs, she ran a red light and struck a motorcyclist, injuring him to such an extent it was necessary to amputate one of his legs. Three-quarters of an hour later her blood-alcohol content still ranged between 0.24 and 0.29 percent.

Apparently because of the alternative penalties provided for such conduct, the Long Beach City Prosecutor filed a misdemeanor complaint (88L05329) that was followed by a felony complaint (A041266) lodged by the District Attorney of Los Angeles County. This, of course, rendered the city prosecutor's complaint duplicative, since the possibility that appellant's offense might yet be reduced to a misdemeanor by sentence was inherent in the district attorney's more serious accusation. Consequently, the city prosecutor's complaint was then dismissed with the specific observation that this was being done due to the filing of the felony complaint. Although this fact was also noted in handwriting on the municipal court's docket, the stamp used by the clerk to record this entry was of the "interest of justice" variety. (See attachment hereto.)

Unfortunately, for unknown reasons, the People neglected to introduce evidence of appellant's blood-alcohol content at her preliminary hearing. Therefore, they "joined" in her Penal Code section 995 motion to dismiss the information filed in A041266, refiling the same charges as A042185, i.e., the present proceeding.

Prior to entering her no-contest plea here, appellant repeatedly moved to bar her further prosecution. Seizing upon the wording of the clerk's stamp, she urged below, as she does here, that after the redundant misdemeanor complaint had been "dismissed," rather than "consolidated" with the initial felony charge, the termination of the latter action under Penal Code section 995 brought Penal Code section 1387's "two dismissal" rule into play.

Although observing they could find no appellate decision directly on point, the courts below denied these motions, and correctly so.

Prompt termination before trial of the lesser of two otherwise identical proceedings will always be "in the interest of justice." While there may be a viable method for eliminating superseded complaints filed by two different agencies through "consolidation" (see Pen. Code, § 954) followed by a dismissal of the lesser count, instead of directly dismissing it under Penal Code section 1385 or the court's inherent housekeeping powers, such semantic procedural distinctions would invoke neither the concepts nor the concerns regarding repeated criminal prosecutions which Penal Code section 1387 is designed to prevent.

In truth, either method is in accord with, and advances, the goals of that section rather than being violative thereof, and in this era of crowded criminal calendars the avoidance of pointless paper gavottes is to be encouraged. (See generally *People* v. *Elias* (1990) 218 Cal.App.3d 1161, 1164 [267 Cal.Rptr. 348]; *People* v. *Cossio* (1977) 76 Cal.App.3d 369, 372 [142 Cal.Rptr. 781]; *Muns* v. *Superior Court* (1955) 137 Cal.App.2d 728, 732 [290 P.2d 951].)

The judgment (order granting probation) is affirmed.

Fukuto, J., and Nott, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 1992.