[No. E047219. Fourth Dist., Div. Two. Jan. 26, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK DARRELL HERNANDEZ, Defendant and Appellant.

## Counsel

Kennedy & Roe and Michael J. Kennedy for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Meredith A. Strong, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**RAMIREZ, P. J.**—Defendant Frank Darrell Hernandez pled guilty to driving under the influence of alcohol (Veh. Code, § 23152, subd. (a))[1] and driving with a blood-alcohol level in excess of 0.08 percent (§ 23152, subd. (b)), and he admitted that during the latter, he had a blood-alcohol level of 0.15 percent or greater (§ 23578). He was granted probation and appeals, claiming the trial court lacked jurisdiction to enter a judgment against him and Penal Code section 1387, subdivision (a) barred the refiling of the misdemeanor information against him. The facts of this case are not relevant to the issues raised.

### Procedural History

In November 2006, defendant was charged by misdemeanor complaint with a violation of section 23152, subdivision (a) as a misdemeanor, a violation of section 23152, subdivision (b) as a misdemeanor and enhancements under section 23578 as to both offenses.[2] According to the People's moving papers below, "On January 17, 2007, the People moved to dismiss the misdemeanor case under Penal Code section 1385 . . . [¶] . . . [¶] . . . once [defendant's] three prior convictions [for violations of section 23152, subd. (b)] became apparent. Vehicle Code section 23550 allows for punishment of a fourth . . . conviction of section 23152 as either a misdemeanor or a felony."[3] "The misdemeanor complaint was dismissed for duplicative filing purposes as a standard practice whenever there is an . . . active felony," the People stated. The People further asserted, "The motion [to dismiss the

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

[2] This document is not part of the superior court file. (See fn. 4, *post*, at p. 407.)

[3] The People were correct. Section 23536 provides that a first time violation of section 23152 merits incarceration in the county jail. However, section 23550, subdivision (a) provides, in pertinent part, "If a person is convicted of a violation of Section 23152 and the offense occurred within 10 years of three or more separate violations of Section . . . 23152 . . . that resulted in convictions, that person shall be punished by imprisonment in the state prison, or in a county jail for not less than 180 days nor more than one year . . . ."

misdemeanor case] was granted. [¶] That same day, the People filed a felony complaint alleging felony violations of the same offenses . . . , along with the same allegation previously made as to both offenses. [Citation.][4] The People further alleged that the defendant had sustained three prior convictions for driving with a B[lood] A[lcohol] C[ontent] of [0].08 percent or greater." Following a preliminary hearing, defendant was bound over and an information was filed on March 15, 2007, alleging that defendant had violated both section 23152, subdivision (a) and section 23152, subdivision (b), as felonies, with a section 23578 enhancement as to each, and had suffered three prior convictions of violating section 23152, subdivision (b). Later, the trial court ordered the information be amended to include the dates of the commissions of the priors.[5]

In December 2007, defendant moved to strike one of the priors on the basis that when he pled to it, he was expressly told that he would have only a seven-year "look back" period, although he now faced a 10-year period, and the prohibition on ex post facto laws prevented the application of the latter.[6] The People did not oppose defendant's motion, and it was granted by the trial court.[7] The absence of one of the three prior convictions rendered the current offenses misdemeanors. The records before this court contain no new charging document and the People asserted below that they did not "re-file 'another misdemeanor complaint' " but, rather, "re-filed the case as a felony."[8] The record before this court contains only the March 15, 2007

---

[4] The superior court file, of which we take judicial notice on our own motion, contains only the felony complaint, which was filed on January 17, 2007, and the information, which alleges that both charged offenses are felonies. Nowhere in the superior court file is there a document in which the charges are alleged as misdemeanors. (See fn. 5, *post*, at p. 407.)

[5] After the prosecutor read into the record what those dates were, the trial court said, "[t]he clerk, is ordered to indicate that on the minute order, and the Court will order the information be amended to reflect that." Despite this clear directive, the court clerk noted in the minutes only that the People's motion to amend the "complaint" (actually, it was an information) "to add dates of offense" (it was actually offense*s*) was granted. The minutes do not reflect what those dates were, nor was a copy of an amended information included in the clerk's transcript before this court. (See fn. 6, *post*, at p. 407.) The complaint contained in the superior court file bears no such amendments. (See fn. 4, *ante*, at p. 407.)

We also note that the clerk stated in the minutes that the demurrer brought by defendant was "mute" when, it was moot.

[6] The People could not have possibly anticipated, at the time they dismissed the misdemeanor charges and filed the felonies, that defendant would claim that he believed at the time he entered the plea to one of the priors that it would not be used against him after a seven-year period. Thus, the assertion of appellate counsel for defendant at oral argument that People should have "g[otten] it right from the beginning" imposes too great a burden on the prosecutor's office.

[7] The People subsequently appealed this order, but then dismissed their appeal.

[8] See footnote 4, *ante*, at page 407.

information and we note that at the taking of the plea that was the document used by the court and the parties.[9]

Defendant unsuccessfully sought dismissal of the information on the basis that the trial court lacked jurisdiction because it was now a misdemeanor case. Defendant then unsuccessfully sought dismissal of the information on the basis that the People had dismissed the misdemeanor complaint, and, under Penal Code section 1387, subdivision (a) they were precluded from proceeding on the information. Defendant then pled and admitted the allegation as noted above and received probation.

## ISSUES AND DISCUSSION

### 1. *Jurisdiction of the Trial Court*

In his second demurrer[10] to the information, defendant asserted that "the court does not have jurisdiction of the matter based on the face of the information, because, ex post facto principles properly applied, the prior conviction [which was ultimately dismissed] necessary to confer felony trial jurisdiction died for . . . use [as a prior] before the Legislature purported to resurrect it." He pointed out that this prior conviction occurred outside the seven-year "look back" period that existed when that crime had been committed, although it had not occurred outside the 10-year "look back" period the Legislature enacted after it had been committed. He cited *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446] (*Stogner*),[11] in asserting that the prior could not be used to further punish defendant when it had effectively ceased to be available as a trigger for prosecution of the charged crimes as felonies seven years after its commission.

The People responded that use of the ultimately dismissed prior was not a violation of ex post facto and it distinguished *Stogner* and cited *People v.*

---

[9] We note that, once again (see fn. 5, *ante*, at p. 407), the court clerk failed to report in the minutes that the trial court amended the information to change its references to the charged crimes from felonies to misdemeanors. Although the court clerk apparently commented during the taking of the plea that the information had already been thus amended, no copy of such a document is in the record before this court. Even a copy of the information, submitted by the prosecutor in February 2008, contains no interlineations or amendments to the March 15, 2007 information. Nor does the information contained in the superior court file. (See fn. 4, *ante*, at p. 407.)

[10] The first was mooted.

[11] *Stogner* declared as a violation of ex post facto a California law allowing the prosecution of sex crimes involving children, under certain circumstances, long after the statute of limitations for those offenses had run. (*Stogner, supra*, 539 U.S. at pp. 609–610, 621, 632–633.)

*Sweet* (1989) 207 Cal.App.3d 78 [254 Cal.Rptr. 567] (*Sweet*),[12] which held that the Legislature's previous extension of the "look back" period from five to seven years was not a violation of the ex post facto clause. During argument before the court on the demurrer, the prosecutor likened the extension of the "look back" period to legislation expanding the list of crimes that are considered strikes for purposes of the three strikes law, which, at the time they were committed, were not considered strikes. The trial court overruled defendant's demurrer.

Defendant then filed a motion to strike the ultimately dismissed prior on the ground that when he had pled guilty to it, he had believed it could be used only for seven years from the date of his conviction and not 10 and that ex post facto principles prohibited its use here, repeating what he unsuccessfully asserted before on this subject. Additionally, defendant pointed out that the change of plea form he signed expressly stated that the prior could be used only for seven years from the date of his conviction. He asserted in an attached declaration that had he known this prior could have been used against him for more than seven years, he would not have pled guilty and he considered the seven-year limitation to be a material part of the People's agreement with him. As noted above, the People did not object to the motion to strike this prior and the trial court granted it.

Defendant begins his attack on the jurisdiction of the trial court over this case by asserting, "This was an information that never had any legitimate felony component." To the extent that defendant is suggesting that the People did not, in good faith, charge him with these offenses as felonies,[13] he is incorrect. The People successfully argued against defendant's ex post facto contention concerning the ultimately dismissed prior and it was not until defendant pointed out that his change of plea form contained an express seven-year limit on the use of the prior and he declared that had he been told that period would be longer, he would not have pled guilty, did the People "back down" and allow the prior to be dismissed.

Defendant cites no authority and provides no persuasive analysis for his assertion that once the prior was dismissed and the charges then became misdemeanors, the trial court lacked jurisdiction to proceed against him.

---

[12] *Sweet* has since been joined by *People v. Treadway* (2008) 163 Cal.App.4th 689, 696, 697, 698 [77 Cal.Rptr.3d 786] (Fourth Dist., Div. Three), which reached an identical conclusion, even in the face of *Stogner*.

[13] Although he is not explicit about this assertion in connection with this argument, he is in connection with his second argument, during which he states, "This is not a case where bonafide feloniness [*sic*] exists, discovered after the misdemeanor[s were] filed, so the accusation could legitimately be elevated . . . ."

Notably, defendant does not say what court had jurisdiction over the misdemeanor charges, and we cannot imagine one other than the court that handled this case.

█ The People call our attention to *People v. Clark* (1971) 17 Cal.App.3d 890 [95 Cal.Rptr. 411], and assert that while it predated the unification of the superior and municipal courts, it can be instructive. Therein, the defendant was charged with welfare fraud as a misdemeanor and felony grand theft in superior court. (*Id.* at p. 894.) The California Supreme Court then held that welfare fraud could not be prosecuted as grand theft and the felony count was dismissed. (*Ibid.*) The appellate court rejected the defendant's contention that she was entitled to dismissal of the misdemeanor charge because the superior court lacked jurisdiction over the charge, pointing out that when a jury convicts a defendant charged with a felony with a lesser included or related offense which is a misdemeanor, this does not deprive the court of jurisdiction. (*Id.* at p. 896.)

## 2. *Penal Code Section 1387*

Defendant contends, as he did unsuccessfully below, that Penal Code section 1387, subdivision (a) prohibited the People from going forward with his case once the prior had been dismissed because they had previously dismissed the misdemeanor case under Penal Code section 1385, upon discovering the existence of these three prior convictions. In making his argument, defendant cites the same case he cited below, which the People pointed out to him below, and he agreed, had been granted review before the California Supreme Court and was therefore no longer citable.[14]

█ Frankly, this issue is a very close one. Penal Code section 1387 provides, in pertinent part, "An order terminating an action . . . is a bar to *any*

---

[14] This case was *People v. Traylor*, which has since been decided by the California Supreme Court. (*People v. Traylor* (2009) 46 Cal.4th 1205 [96 Cal.Rptr.3d 277, 210 P.3d 433] (*Traylor*).) Contrary to the assertion by appellate counsel for defendant at oral argument, nothing in *Traylor* assists his position. *Traylor* merely held that the lesser included misdemeanor involved there was not "the same offense" as the formerly charged felony; therefore, Penal Code section 1387 did not apply to bar the charging of the lesser included offense after the magistrate determined that there was sufficient evidence only of it and not of the charged felony. (*Traylor*, at pp. 1208–1209, 1212, 1219.) In the instant case, in contrast, there is no issue that the misdemeanor and felony charges were for the same offenses. Likewise, and, again, contrary to the assertion of appellate counsel for defendant at oral argument, there is nothing in footnote 10 of *Traylor* that hints, infers or suggests that his position is correct. That footnote simply states that the court's holding is narrow—that it applies only where "an initial *felony* charge, having been dismissed by a magistrate on grounds that the evidence supports only a lesser included misdemeanor, is followed by the filing of a second complaint charging that *misdemeanor* offense." (*Id.* at p. 1220, fn. 10.) The footnote goes on to state, "We do not here confront, and expressly do not decide, how [Penal Code] section 1387(a) should apply when dismissed felony charges are followed by one or more new complaints charging lesser

*other prosecution* for the same offense . . . if it is a misdemeanor not charged together with a felony . . . ." (Pen. Code, § 1387, subd. (a), italics added.)[15] In construing Penal Code section 1387, *Burris, supra,* 34 Cal.4th at page 1019, held that the one dismissal prohibition applies if the current case is a misdemeanor, which this was.[16] The People successfully asserted below that proceeding on the existing felony information, which is what actually occurred here, was not any other prosecution and that no new (misdemeanor) information was filed, therefore Penal Code section 1387's prohibition did not come into play. While technically correct, should the People be allowed to circumvent Penal Code section 1387 by simply failing to refile? This forces us to look at the public policies promoted by Penal Code section 1387.

According to *Burris,* they are: (1) "to curtail[] prosecutorial harassment by placing limits on the number of times charges may be refiled" (*Burris, supra,* 34 Cal.4th at p. 1018), (2) to "reduce[] the possibility that prosecutors might use the power to dismiss and refile to forum shop" (*ibid.*), and (3) to "prevent[] the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges" (*ibid.*). None of these objectives can be accomplished by applying Penal Code section 1387 to prohibit the prosecution of this case to finality. This case continued on its original trajectory, without additional harassment to defendant, without the possibility of forum

included *felonies,* or when a dismissed *misdemeanor* charge is followed by a new complaint charging a lesser included *misdemeanor."* (*Ibid.*) Neither of those situations have any application to the facts here.

There is, however, language in *Traylor* that supports the conclusion of this court. The *Traylor* court pointed to language in *Burris v. Superior Court* (2005) 34 Cal.4th 1012 [22 Cal.Rptr.3d 876, 103 P.3d 276] (*Burris*) explaining Penal Code section 1387's differential treatment of felonies and misdemeanors. In allowing a second filing in cases of the former, but not in the latter, *Burris* noted that Penal Code section 1387 " 'reflects a legislative judgment that because of the heightened threat to society posed by serious crimes, more filings should be permitted for serious crimes than for minor ones . . . .' [Citation.]" (*Traylor, supra,* 46 Cal.4th at p. 1214.) The *Traylor* court then noted, "Of course, society's enhanced interest in pursuing more serious crimes extends to *serious misdemeanors* . . . ." (*Id.* at p. 1214, fn. 7, italics added.) There can be no doubt that, at this time, repeated drunk driving is considered to be a serious misdemeanor.

[15] We do not agree with the People's assertion that Penal Code section 1387 may not apply to the dismissal in this case. The People below asserted that that dismissal was pursuant to Penal Code section 1385, which is part of the chapter to which Penal Code section 1387 expressly applies.

[16] Again, contrary to the assertion of appellate counsel for defendant at oral argument, there is nothing in *Burris* that directly or indirectly supports his position. As we have stated, *Burris* held that the felony or misdemeanor status of the case *as it currently stands* determines whether the one or two dismissal rules of Penal Code section 1387 apply. *Burris* made this determination by considering the policies Penal Code section 1387 sought to implement (*Burris, supra,* 34 Cal.4th at pp. 1018, 1019), which we have applied to our analysis here. We also disagree with counsel's assertion at oral argument that *anything* in *Burris* has undermined the holding in *People v. Bohlen* (1992) 4 Cal.App.4th 400 [5 Cal.Rptr.2d 670], which we discuss at page 412 of this opinion.

shopping and without endangering defendant's right to a speedy trial. For this reason, we conclude that Penal Code section 1387 does not apply to bar the continuation of this case as a misdemeanor prosecution.

Additionally, the People warn of the following result of mechanically applying Penal Code section 1387 under these circumstances, as follows, "Instead, it would impose on the prosecution an unreasonable burden and force prosecutors to opt for a felony charge only in cases where they were certain all sentencing enhancements were applicable and could not be stricken by the trial court for anticipated or unanticipated reasons. In the driving-under-the-influence context, like this, where the discovery of prior convictions is often piecemeal, prosecutors would be forced to charge only misdemeanors for fear that one of the priors could not be proven and they would then lose all ability to prosecute the case. . . . In interpreting statutes, reviewing courts are also bound to interpret them in a manner which harmonizes the intent behind all of the statutory provisions, where possible. [Citation.] . . . [¶] Alternatively, to avoid the dismissal of cases in such circumstances, prosecutors would be forced to file two counts; the felony and the necessarily included misdemeanor. As the Supreme Court has noted, the filing of the felony charge put appellant on notice that he could be convicted of the necessarily included misdemeanor: [¶] 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial. The required notice is provided as to any charged offense and any lesser offense that is necessarily committed when the charged offense is committed.' (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 [45 Cal.Rptr.3d 353, 137 P.3d 184], citations omitted.) Forcing the filing of two counts in such circumstances would then force juries to convict or acquit on the two separate counts, as opposed to considering the felony, and then, in the event a verdict could not be reached, considering the misdemeanor as a lesser included offense. This procedure would confuse juries and could potentially result in numerous duplicative convictions for necessarily included offenses which a trial or appellate court would then have to reverse. This is not what the legislature intended."

■ Moreover, as the People correctly point out, the People's categorization of the dismissal as being under Penal Code section 1385 may not be dispositive. In *People v. Bohlen* (1992) 4 Cal.App.4th 400, 402 [5 Cal.Rptr.2d 670], the defendant was first charged by the city in a misdemeanor complaint with violations of section 23153, then charged by the county in a separate felony complaint as a wobbler. The former complaint was dismissed, purportedly under Penal Code section 1385, but because it was duplicative of the latter complaint. (*Bohlen, supra,* 4 Cal.App.4th at pp. 400, 402.) The felony complaint was later dismissed and a third document was filed charging the defendant once again with a misdemeanor. Despite the defendant's reliance

on Penal Code sections 1385 and 1387 as baring refiling, the appellate court held, "Prompt termination before trial of the lesser of two otherwise identical proceedings will always be 'in the interest of justice.' While there may be a viable method for eliminating superseded complaints filed by two different agencies through 'consolidation' (see Pen. Code, § 954) followed by a dismissal of the lesser count, instead of directly dismissing it under Penal Code section 1385 or the court's inherent housekeeping powers, such semantic procedural distinctions would invoke neither the concepts nor the concerns regarding repeated criminal prosecutions which Penal Code section 1387 is designed to prevent. [¶] In truth, either method is in accord with, and advances, the goals of that section rather than being violative thereof, and in this era of crowed criminal calendars the avoidance of pointless paper gavottes is to be encouraged. [Citations.]" (4 Cal.App.4th at p. 403.)

### DISPOSITION

The judgment is affirmed.

McKinster, J., and King, J., concurred.

On February 1, 2010, the opinion was modified to read as printed above.