Filed 4/15/13  P. v. Solorio CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES SOLORIO,<br><br>    Defendant and Appellant. | A134476<br><br>(Sonoma County<br>Super. Ct. No. SCR609362) |

**I.**

**INTRODUCTION**

A complaint was filed charging appellant with possession of a switchblade knife, a misdemeanor.  After appellant had been arraigned and pled not guilty, the prosecution filed an amended complaint based on the same facts, without notice to appellant or leave of court, charging appellant with possession of a concealed dirk or dagger, a felony. Appellant demurred to the amended complaint, and moved to dismiss on the ground that he had not received a preliminary hearing within 10 days of his arraignment.  The trial court overruled the demurrer and denied the motion to dismiss.  After this court denied appellant's petition for a writ of prohibition, appellant entered into a plea bargain, reserving his right to appeal.  The trial court granted a certificate of probable cause.

Appellant contends that the trial court erred in permitting the prosecution to amend its misdemeanor complaint to charge a felony in the same proceeding.  We conclude appellant has not shown he was prejudiced by any irregularity in the proceedings, and therefore affirm.

1

## II.

## PROCEDURAL BACKGROUND

On October 25, 2011,[1] the Sonoma County District Attorney (prosecution) filed a complaint charging appellant with possession of an illegal switchblade, a misdemeanor, under former Penal Code section 653k.[2]  The crime was alleged to have been committed on October 22.  Appellant, who was already in custody, was arraigned on October 25, and pled not guilty.  He waived time for trial, and remained in custody.

On November 2, the prosecution filed an amended complaint, under the same case number assigned to the original complaint filed on October 25.  The amended complaint charged appellant with possession of a concealed dirk or dagger, a felony, under former Penal Code section 12020, subdivision (a)(4).  The prosecution did not seek leave of court before filing the amended complaint, and did not serve notice of its filing on appellant's trial counsel.

On November 3, appellant was arraigned on the amended complaint, but did not enter a plea.  On November 9, appellant filed a demurrer to the amended complaint, and a document entitled "opposition to amendment of complaint."  The prosecution filed an opposition to the demurrer, and on November 17, the trial court held a hearing on the matter.

At the November 17 hearing, the trial court overruled appellant's demurrer, and implicitly rejected appellant's opposition to the prosecution's amendment of the complaint.  Appellant then pled not guilty, and moved to dismiss the complaint because he had not been afforded a preliminary hearing within 10 days of his arraignment.  The

---

[1]  All further references to dates are to the year 2011 unless otherwise noted. Because this case was resolved by a guilty plea, the facts leading to appellant's arrest are not reflected in the record, and in any event, are not germane to the issues on appeal.

[2]  All further statutory references are to the Penal Code; all further references to former Penal Code sections are to the version of the Penal Code in effect in 2011. Effective January 1, 2012, the pertinent part of former section 653k was reenacted without substantive change as section 17235, and the pertinent part of former section 12020, subdivision (a)(4) was reenacted without substantive change as section 21310.  (Stats. 2010, ch. 71, § 6, operative Jan. 1, 2012.)

court denied the motion, reasoning that the 10-day time did not begin to run until that day (November 17).  Appellant then waived the 10-day time limit in order to seek writ relief from this court.

On December 30, appellant filed a petition for writ of prohibition, which a differently constituted panel of this court denied by an order filed January 5, 2012. (*Solorio v. Superior Court* (Jan. 5, 2012) A134151.)  On January 23, 2012, appellant agreed to a negotiated disposition under which he pled no contest to the felony charge; was sentenced to a jail term equal to the time he had already been in custody; and reserved his right to appeal.  Appellant then made a motion in arrest of judgment, which the court denied.  On January 24, 2012, appellant filed a notice of appeal, and the trial court granted a certificate of probable cause.

### III.

### DISCUSSION

Appellant contends his conviction must be reversed on four independent grounds: (1) the complaint in a criminal prosecution that was originally filed as a misdemeanor cannot be amended to charge a felony; (2) the prosecution should not have been permitted to amend its complaint after appellant had been arraigned; (3) a criminal complaint cannot be amended to charge a different crime; and (4) the trial court erred in denying appellant's motion to dismiss for failure to hold a preliminary hearing within 10 days of arraignment.  Appellant also contends that the errors were structural, because they affected the trial court's jurisdiction to act, and thus prejudice need not be shown.

As appellant correctly points out, despite the unification of California's municipal and superior courts into a single trial court (see generally 4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Jurisdiction and Venue, §§ 13, 14, pp. 125-126), important distinctions remain between a misdemeanor case (i.e., one in which only misdemeanors are charged) and a felony case (i.e., one in which a felony or "wobbler" is charged, even if misdemeanors are also alleged).  (See § 691, subds. (f), (g) [defining "felony case" and "misdemeanor case"]; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 856-857 ["wobbler" cases].)  For example, the accusatory pleading in a misdemeanor case is a

3

complaint, whereas in a felony case, although the case may begin with the filing of a complaint, the accusatory pleading itself must be either an indictment, issued by a grand jury, or an information, which can be filed only after the trial court finds probable cause at a preliminary hearing. (§ 682; see 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Pretrial Proceedings, § 140, pp. 389-390; *id.*, §§ 170-177, pp. 421-432.)

In addition, misdemeanor and felony cases are governed by different time limits. In a misdemeanor case, absent a time waiver, the defendant must be *tried* within 30 days of arraignment or plea if in custody, or 45 days if not in custody. (§ 1382, subd. (a)(3).) In a felony case, however, it can take as long as 60 days just for the preliminary hearing to be held, if good cause is shown, or the defendant is not in custody. (§ 859b.)

We agree with appellant, therefore, that in order to determine which set of deadlines and procedures applies, a criminal case must be identified as either a felony case or a misdemeanor at each stage in the proceedings. Appellant cites no authority, however, for his argument that a misdemeanor case cannot be converted into a felony case after it is filed, but must instead be dismissed and refiled as a new felony case.[3] Indeed, appellant himself acknowledges that "wobbler" cases initially filed as misdemeanors may become felony cases at the option of the defendant. (§ 17, subd. (b)(4).)

Thus, the question presented here is not whether amendment of a misdemeanor complaint to charge a felony is permissible in principle, but rather, whether the trial court abused its discretion in permitting such an amendment to be made. (See *People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581 [trial court's decision to permit amendment of information is reviewed for abuse of discretion].) On that issue, appellant points out—again correctly—that section 1009 does not permit the prosecution to amend

---

[3] While there are published opinions discussing instances where a misdemeanor complaint later was amended to charge a felony, the precise question presented here was not discussed and apparently not raised in those cases. (See *People v. Snook* (1997) 16 Cal.4th 1210, 1213-1214; *People v. Baez* (2008) 167 Cal.App.4th 197, 200; *People v. Casillas* (2001) 92 Cal.App.4th 171, 185.)

a criminal complaint without leave of court after the defendant has been arraigned.[4] In the present case, however, the prosecution did obtain such leave, albeit after the fact. Appellant does not cite any authority for the proposition that it is reversible error for the filing of the amended complaint to precede the issuance of the court's order permitting the amendment. Nor does appellant demonstrate that he was prejudiced by the fact that these events did not occur in the usual order, except in one respect.

The one type of prejudice appellant claims occurred due to the sequence of events in the trial court is that he was not afforded the right to have a preliminary hearing on the felony complaint within 10 days of his original arraignment and plea. (See § 859b.) The trial court was prepared, however, to require that a preliminary hearing be held within 10 days of appellant's arraignment *on the felony complaint*.[5] Again, appellant cites no authority for the somewhat nonsensical proposition that the 10-day period to hold a preliminary hearing runs from the defendant's arraignment or plea on the original (misdemeanor) complaint—as to which the defendant has no right to a preliminary hearing—rather than from the defendant's arraignment or plea on the amended (felony) complaint—which is the pleading that confers the right to a preliminary hearing on the defendant in the first place. (Cf. *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 724, fn. 3 [declining to decide whether arraignment on amended felony complaint starts

---

[4] Appellant also relies on the following language in section 1009: "A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint." Appellant does not offer any argument or authority, however, that the felony charged under former section 12020, subdivision (a)(4) could not properly have been joined in the original complaint with the misdemeanor charged under former section 653k. Nor does appellant offer any argument that his due process rights were violated by the substitution of a different statutory violation based on the same facts, particularly given the fact that appellant was rearraigned and given another opportunity to enter a plea after the complaint was amended.

[5] Appellant waived this time limit so that he could seek writ relief from this court. He did not waive the 60-day time limit, however, and the trial court made clear that appellant retained the right to have his preliminary hearing within that period, running from appellant's arraignment on the felony complaint.

new 60-day period for preliminary hearing under section 859b, but citing secondary source suggesting that it may].)

Moreover, even if appellant is correct that the 10-day time limit runs from arraignment on the original complaint, that time limit can be extended if the prosecution shows good cause. (See § 859b, subd. (b).) Appellant does not even argue, much less cite authority, that an amendment of the complaint would not constitute good cause to set the date for the preliminary hearing more than 10 days after the defendant's arraignment on the original complaint.

Moreover, even if the prosecution had been unable to persuade the trial court to permit it to amend the complaint or to grant an extension of the 10-day time limit, the prosecution still could have dismissed the misdemeanor complaint altogether and filed a felony complaint in a new case. As appellant points out, this second course of action would have had some disadvantage for the prosecution, as it would have precluded the prosecution from refiling the misdemeanor charge as a new case. (§ 1387; see *Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1019-1020 [once misdemeanor charge has been dismissed, it cannot be refiled, but dismissal does not bar felony charge based on same facts]; but cf. *People v. Hernandez* (2010) 181 Cal.App.4th 404 [where misdemeanor case was dismissed and felony case was filed based on same facts, but prior conviction that elevated charge to felony was later stricken, case could proceed as misdemeanor despite earlier dismissal].) But appellant has not shown that he was prejudiced by the prosecution's avoidance of this bar in the present case, inasmuch as the prosecution here did not refile the misdemeanor charge after it was dismissed.

In short, the prosecution could have proceeded as appellant claims was correct, and still arrived at the same procedural posture in which this case stood after the trial court made the rulings of which appellant complains—that is, with a felony complaint on file, and 10 days remaining within which to hold the preliminary hearing. Thus, even if the proceedings did not unfold in precise compliance with the applicable statutes, appellant has not demonstrated that he was prejudiced by the discrepancy. "It is a universal principle of appellate review, in civil and criminal cases, that error in

6

proceedings in a lower court does not call for reversal of a judgment or order unless it is prejudicial." (6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Reversible Error, § 1, pp. 512-514; see also 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Pretrial Proceedings, § 219, p. 481.)

However, appellant contends that he does not need to demonstrate prejudice, because the irregularity in the proceedings deprived the trial court of jurisdiction, and thus was a structural error. (See 6 Witkin & Epstein, Cal. Criminal Law, *supra*, Reversible Error, § 23, pp. 546-548 [act of trial court in excess of jurisdiction is an example of structural error warranting reversal without showing of prejudice].[6]) This argument would have been tenuous even in the era before trial court unification. (See *People v. Leney* (1989) 213 Cal.App.3d 265, 268 [superior court has jurisdiction over misdemeanor properly joined with felony count, and retains jurisdiction even if felony count is eliminated before trial].) It is unquestionably meritless today. (See *People v. Hernandez*, *supra*, 181 Cal.App.4th at pp. 409-410 [rejecting argument that conversion of charge from felony to misdemeanor, due to striking of prior conviction, deprived trial court of jurisdiction to proceed].)

## IV.

## DISPOSITION

The judgment is affirmed.

---

[6] More typical examples of " 'structural' errors, which are reversible per se, include total deprivation of the right to counsel at trial, trial before a biased judge, unlawful exclusion of members of the defendant's race from the grand jury, denial of the self-representation right at trial, and denial of public trial." (6 Witkin & Epstein, Cal. Criminal Law, *supra*, Reversible Error, § 23 at p. 548.)

_____

RUVOLO, P. J.

We concur:


_____

RIVERA, J.


_____

HUMES, J.