Filed 6/15/16  P. v. Perez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO BANUELOS PEREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B261268<br>(Super. Ct. No. 2014018282)<br>(Ventura County) |

Armando Banuelos Perez appeals a judgment following conviction of possession of methamphetamine for sale, with findings that he suffered a prior felony strike conviction, served two prior prison terms, and was on bail at the time he committed the offense.  (Health & Saf. Code, § 11378; Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b), 12022.1, subd. (b).)[1]  We conclude that the trial court properly overruled a demurrer filed pursuant to the "two-dismissal" rule of section 1387.  (*People v. Juarez* (2016) 62 Cal.4th 1164, 1169-1175 [discussion of "two-dismissal" rule and public policies implemented by section 1387].)  We affirm.

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

*FACTUAL AND PROCEDURAL HISTORY*

*Case No. 2014003402*[2]

On February 4, 2014, the Ventura County prosecutor filed a felony complaint against Perez charging him with possession of methamphetamine, possession of drug paraphernalia, and providing false information to a police officer. (Health & Saf. Code, § 11377, former § 11364.1, subd. (a); § 148.9, subd. (a).) The trial court set an early disposition conference for March 19, 2014, and a preliminary examination for April 2, 2014.

The charges arose from a January 31, 2014, traffic stop in Oxnard of a vehicle in which Perez was a passenger. Ventura County Sheriff's Deputy James Teddar believed an outstanding warrant existed for Perez's arrest. Perez provided false identification to Teddar, who determined Perez's identity in part based upon Perez's tattoos. During a search of the vehicle, Teddar found a glass pipe containing a burnt residue of methamphetamine.

At the preliminary examination, the trial court held Perez to answer for possession of drug paraphernalia and providing false information to a police officer, but not possession of methamphetamine. The prosecutor then dismissed the complaint and on April 14, 2014, refiled a misdemeanor complaint charging Perez only with providing false information to a police officer. Perez later pleaded nolo contendere to the charge and received a sentence of five days in county jail.

*Case No. 2014005367*

On February 21, 2014, the Ventura County prosecutor filed a felony complaint against Perez charging him with possession of methamphetamine for sale, unlawful possession of a firearm, and unlawful possession of ammunition. (Health & Saf. Code, § 11378; §§ 29800, subd. (a)(1), 30305, subd. (a)(1).) The trial court set an early disposition conference and a preliminary examination for the same dates as Case No. *402, *ante*.

---

[2] To ease the reader's task, we will refer to the relevant criminal prosecutions by an asterisk and the last three digits of the case number.

The charges arose from a January 31, 2014, search of a Ventura auto repair shop and a vehicle associated with Perez. The search yielded five baggies of methamphetamine, a loaded firearm, and ammunition.

At the preliminary examination, the trial court held Perez to answer on all counts. On June 13, 2014, the prosecutor dismissed the felony information and immediately refiled the same charges and allegations, as Case No. 2014018282. On June 27, 2014, the court held a preliminary examination regarding Case No. *282, and held Perez to answer on all counts.

*Demurrer*

On July 16, 2014, Perez filed a demurrer to Case No. *282, asserting that the prosecution for possession of methamphetamine for sale was barred by the "two-dismissal" rule of section 1387. Perez pointed out that simple possession of methamphetamine had been charged and then dismissed in Case No. *402, and possession of methamphetamine for sale had been charged and dismissed in Case No. *367. The prosecutor responded that Case No. *402 involved methamphetamine residue found in a glass pipe during a traffic stop in Oxnard, and Case No. *367 involved possession of five ounces of methamphetamine for sale near a storefront in Ventura, along with a firearm and ammunition. The trial court overruled the demurrer, concluding that Case No. *402 and Case Nos. *367/*282 did not involve the "same conduct" or "identical criminal acts."

*Evidence at Trial*

In the afternoon of January 31, 2014, Ventura County Sheriff's Detective Steven Jenkins searched a gold-colored sports utility vehicle parked outside a storefront in Ventura that was connected to Perez. Inside the vehicle, Jenkins found a cell phone and five baggies of methamphetamine, weighing a total of 5.18 ounces. Inside the storefront, Jenkins found digital scales and mail addressed to Perez. Jenkins also searched Perez's Wolff Street apartment and discovered a methamphetamine pipe with methamphetamine residue, digital scales, and identification belonging to Perez. In a

3

conversation held in the jail visiting area, Perez informed two visitors that five ounces of drugs were in the back of his vehicle. The conversation was recorded and played at trial.

Prior to trial, the prosecutor dismissed the unlawful firearm and ammunition possession counts charged in Case Nos. *367/*282.

*Conviction, Sentencing, and Appeal*

The jury convicted Perez of possession of methamphetamine for sale. (Health & Saf. Code, § 11378.) In a separate proceeding, the trial court found that Perez suffered a prior felony strike conviction, served two prior prison terms, and was on bail at the time he committed the present offense. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b), 12022.1, subd. (b).)

The trial court sentenced Perez to eight years imprisonment, consisting of a two-year midterm (then doubled), two years for the prior prison term enhancements, and two years for the on-bail allegation, which the court ordered stayed pending resolution of that prosecution. The court also imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a $40 court security assessment, a $30 criminal conviction assessment, a $200 laboratory fund fee, and a $600 drug program fee. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373; Health & Saf. Code, §§ 11372.5, 11372.7, subd. (a).) It awarded Perez 505 days of presentence custody credit, consisting of 253 actual days of credit and 252 days of conduct credit.

Perez appeals and contends that the trial court erred by overruling his demurrer and not dismissing the present prosecution.

*DISCUSSION*

Perez argues that Case Nos. *402 and *367/*282 are prosecutions for "the same offense" within section 1387 because each prosecution involves possession of methamphetamine on the same day and possession of methamphetamine and possession of methamphetamine for sale share statutory elements. (*Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110, 1118 ["to charge the greater would be also to charge the lesser an additional and prohibited third time"].) He asserts that there is only one act of possession of methamphetamine regardless of the different places he has deposited the drug.

4

Section 1387 generally permits a felony charge to be dismissed and refiled once, but not twice. (*People v. Juarez, supra*, 62 Cal.4th 1164, 1167.) Section 1387, subdivision (a) provides: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution *for the same offense* if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated . . . ." (Italics added.)

Section 1387 implements several related public policies. (*People v. Juarez, supra*, 62 Cal.4th 1164, 1170.) It curtails prosecutorial harassment by limiting the number of times charges may be refiled. It also reduces the possibility that prosecutors might forum shop by using the power to dismiss and refile. Finally, it prevents the evasion of speedy trial rights through repeated dismissals and refilings. (*Ibid.*) In discerning the meaning of the phrase "the same offense," we must consider the problems the Legislature sought to address by section 1387. (*Ibid.*)

A defendant may challenge an accusatory pleading by a demurrer filed pursuant to section 1004. We exercise our independent judgment in review of the trial court's order overruling a defendant's demurrer. (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1412 [demurrer raises only issues of law and is reviewed de novo].)

No public policy would be supported by application of section 1387 here. (*People v. Juarez, supra*, 62 Cal.4th 1164, 1170 [ascertaining the legislative intent of section 1387 is not "a purely logical game," but an exercise "to divine the human intent" of the statute]; *People v. Hernandez* (2010) 181 Cal.App.4th 404, 411 [section 1387 does not apply where no objective of the statute can be accomplished by barring prosecution].) Case Nos. *402 and *367 were prosecuted concurrently; they shared the same early disposition conference date and preliminary examination date. At the preliminary examination, the trial court found insufficient evidence of the possession of methamphetamine in Case No. *402 (the residue in the glass pipe found in the vehicle), but sufficient evidence of a statutory greater offense (the five bags of methamphetamine found in another vehicle parked in another city). The prosecutor dismissed Case No. *367 but refiled it immediately as Case No. *282. There is no evidence of forum

5

shopping, prosecutorial harassment, interference with the right to a speedy trial, or improper successive attempts to prosecute. The offenses were distinct; there was insufficient evidence of simple possession for personal use in the methamphetamine pipe but sufficient evidence of possession for sale in the five baggies.

In sum, the drug possession charge dismissed in Case No. *402 was not for the "same offense" within the meaning of section 1387, as the charge dismissed in Case No. *367 and refiled in Case No. *282, the present prosecution.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.


6

Charles W. Campbell, Jr., Kevin G. DeNoce, Judges

Superior Court County of Ventura

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.