[No. S157820. July 13, 2009.]

THE PEOPLE, Plaintiff and Appellant, v.
DALE TRAYLOR, Defendant and Respondent.

## Counsel

Michael W. Ferguson and Clifford H. Newell, District Attorneys, and David M. Walters, Deputy District Attorney, for Plaintiff and Appellant.

Steve Cooley, District Attorney (Los Angeles), Lael R. Rubin, Phyllis C. Asayama and Tracey W. Lopez, Deputy District Attorneys, for Los Angeles County District Attorney as Amicus Curiae on behalf of Plaintiff and Appellant.

Thomas M. Anderson, Public Defender, and Daniel M. Geffner, Deputy Public Defender, for Defendant and Respondent.

Michael P. Judge, Public Defender (Los Angeles) and John Hamilton Scott, Deputy Public Defender as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**BAXTER, J.**—Penal Code section 1387, subdivision (a) (section 1387(a))[1] sets forth circumstances under which the dismissal of a criminal action will bar further prosecution. In most instances, under this statute, one such dismissal precludes further prosecution "for the same offense" (1) "if it is a felony or . . . a misdemeanor charged together with a felony," and the action previously has been dismissed, or (2) "if it is a misdemeanor not charged together with a felony."

In this case, a nine-year-old boy was killed when defendant's sports utility vehicle collided with the victim's motorcycle. The issue is whether, under section 1387(a), the prior dismissal of a felony complaint against defendant for vehicular manslaughter with gross negligence barred the current prosecution for the lesser included *misdemeanor* offense of vehicular manslaughter with ordinary negligence.

On the facts presented here, we conclude the answer is no. For purposes of section 1387(a), the misdemeanor prosecution in this case was not "for the same offense" as that charged in the prior felony complaint. We base this conclusion on several grounds.

First, the felony and misdemeanor charges did not include the identical elements. The misdemeanor charge lacked the felony charge's requirement of proof that defendant operated his vehicle with gross negligence. In *Burris v. Superior Court* (2005) 34 Cal.4th 1012 [22 Cal.Rptr.3d 876, 103 P.3d 276] (*Burris*), we suggested that "[w]hen two crimes have the *same elements*, they are the same offense for purposes of . . . section 1387." (*Burris, supra,* at pp. 1016–1017, fn. 3, italics added.)

Second, we also made clear in *Burris* that "grammatical arguments" about the meaning of section 1387(a) are not dispositive, and we must approach interpretation of this statute by seeking to divine " 'the human intent that

---

[1] All further unlabeled statutory references are to the Penal Code.

underlies the statute.' " (*Burris, supra,* 34 Cal.4th 1012, 1017.) We consider the meaning of the phrase "for the same offense" in this spirit.

A primary purpose of section 1387(a) is to protect a defendant against harassment, and the denial of speedy-trial rights, that result from the repeated dismissal and refiling of identical charges. In particular, the statute guards against prosecutorial "forum shopping"—the persistent refiling of charges the evidence does not support in hopes of finding a sympathetic magistrate who will hold the defendant to answer. On the other hand, the statute was not intended to penalize the People when, following a magistrate's dismissal of a first felony complaint on the grounds the evidence supports only a lesser included misdemeanor, they elect to refile that lesser charge *rather than exercise their undoubted statutory right to refile the felony.* Under such circumstances, prosecutors do not abuse, but actually promote, the statutory purposes.

That is what happened here. The magistrate who dismissed the initial felony complaint explicitly found that while evidence of felony gross negligence was lacking, there *was* sufficient evidence defendant had committed the lesser misdemeanor crime of vehicular manslaughter based on ordinary negligence. Ultimately accepting that determination, the prosecutor filed a second complaint setting forth the lesser misdemeanor charges.

Under these circumstances, we conclude, the filing and dismissal of the originally charged felony, followed in immediate succession by the filing of a *lesser misdemeanor charge* that lacked elements essential to the felony, did not constitute successive filings "for the same offense." Accordingly, section 1387(a) did not preclude the People from proceeding on the misdemeanor complaint.

The Court of Appeal decided otherwise, holding that under *Burris, supra,* 34 Cal.4th 1012, prior dismissal of a felony complaint against defendant barred his current prosecution for the same conduct as a misdemeanor. Because we find that the Court of Appeal erred, we will reverse its judgment.

## FACTS

Late on the afternoon of April 10, 2004, nine-year-old Tyler Lason was riding a motorcycle westbound on Creek View Drive near his Grass Valley home. His motorcycle collided with an eastbound Chevrolet Blazer driven by defendant Dale Traylor. Tyler died as a result of the accident.

The prosecution filed a complaint charging defendant with the felony of vehicular manslaughter with gross negligence. (§§ 192, subd. (c)(1), 193, subd. (c)(1).)[2] The preliminary hearing adduced the following evidence:

At the time of the accident, the weather was clear and cool, and the pavement was dry and in good condition. Creek View Drive is a narrow, winding, and undulating two-lane private road. The collision occurred near the crown of a hill, where a driver approaching from one side cannot see a vehicle approaching from the other until the last moment. Nothing indicated that defendant's Blazer had already crested the hill at the time of the accident. Defendant testified he was travelling at 15 miles per hour just before the collision; skid mark analysis indicated a speed over 20 miles per hour. The eastbound Blazer came to rest at a point entirely in the westbound lane.

The investigating officer, who arrived at the scene between 20 and 50 minutes after the accident, concluded it was the result of the Blazer being driven on the wrong side of the road. After detecting a faint odor of alcohol on defendant's breath, the officer administered balance and coordination tests, which defendant completed successfully, and a preliminary alcohol screening test, which indicated a low alcohol content in defendant's blood. The officer opined that neither speed, alcohol consumption, nor the Blazer's inoperable antilock braking system, or ABS, was a factor in the accident.

As one approaches the crown of the hill from the west, an optical illusion creates the impression that there is a tree in the middle of the road. A longtime neighborhood resident testified that, for this reason, most eastbound drivers arriving at this point favor the left side of the road.

Based on this evidence, the magistrate concluded that "there has been sufficient evidence presented to hold the defendant to answer a misdemeanor charge of negligent vehicular manslaughter, under Penal Code section 192[, subdivision] (c)(2)," but that "insufficient evidence has been presented to hold the defendant to answer a felony charge of vehicular manslaughter [with gross negligence] under Penal Code section 192[, subdivision] (c)(1)." The magistrate ordered the district attorney to file a misdemeanor complaint in accordance with his decision, and set a date of January 12, 2005, for defendant to enter a plea on the misdemeanor charge. The prosecution failed

---

[2] Vehicular manslaughter with gross negligence is a "wobbler," which may be punished as either a felony or a misdemeanor. (§§ 17, 192, subd. (c)(1), 193, subd. (c)(1).)

to file a misdemeanor complaint within this time. As a consequence, the pending felony complaint was dismissed pursuant to section 871.[3]

Subsequently, the People consulted with the California Highway Patrol Multidisciplinary Accident Investigation Team (CHP) on the issue whether the case was more appropriately pursued as a felony or a misdemeanor. The CHP advised that prosecution as a misdemeanor was the preferable alternative.

On May 6, 2005, a complaint was filed charging defendant with the misdemeanor of negligent vehicular homicide (§ 192, subd. (c)(2)). Defendant moved to dismiss the action, urging that, under section 1387(a), the prior dismissal of a complaint based on the same conduct barred further prosecution of that conduct as a misdemeanor. On October 19, 2005, the trial court agreed and dismissed the complaint. On the People's appeal, the appellate department of the superior court affirmed the order of dismissal.

The Court of Appeal granted the People's application for transfer to that court. (Cal. Rules of Court, former rules 62, 63, now rules 8.1002, 8.1005.) It thereafter affirmed the judgment of the appellate department. The Court of Appeal agreed with the trial court and the appellate department that under section 1387(a) as construed in *Burris, supra,* 34 Cal.4th 1012, the prior dismissal of a felony complaint bars further prosecution for the same conduct as a misdemeanor.

We granted review. We will reverse the judgment of the Court of Appeal.[4]

### DISCUSSION[5]

■ As noted above, section 1387 limits, in most instances, the number of times prosecution "for the same offense" may occur after prior complaints

---

[3] Section 871 provides in pertinent part: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged . . . ."

[4] After we granted review, the parties advised us of the possibility that the misdemeanor complaint, filed in May 2005, is barred by the statute of limitations. This issue has not been formally briefed, in either the Court of Appeal or this court, and the parties insist they are not asking us to address it. On the other hand, they agree we should decide the section 1387(a) issue, even if it is technically moot. We therefore confine our opinion to the application of section 1387(a). Our decision should not be construed to preclude further proceedings below with respect to the statute of limitations.

[5] An amicus curiae brief in support of defendant has been filed by the Public Defender of Los Angeles County. An amicus curiae brief in support of the People has been filed by the Los Angeles County District Attorney.

have been dismissed. Dismissals under section 871 are among those that count against later prosecutions. Thus, under section 1387(a), as applicable to the facts of this case, "[a]n order terminating an action pursuant to . . . Section . . . 871 . . . is a bar to any other prosecution for the same offense if it is a felony or . . . a misdemeanor charged together with a felony and the action has been previously terminated . . . or if it is a misdemeanor not charged together with a felony . . . ."

██ To determine the application of section 1387(a) to the facts before us, we begin, as usual, with the statutory language, giving the words their plain, commonsense meaning. "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919 [129 Cal.Rptr.2d 811, 62 P.3d 54]; see *County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 442 [75 Cal.Rptr.2d 738, 956 P.2d 1191]; *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632–633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)

As we noted in *Burris*, section 1387 "has been amended nine times since its adoption in 1872, and the resulting 108-word, 13-comma, no period subdivision is hardly pellucid . . . ." (*Burris, supra,* 34 Cal.4th 1012, 1018.) Nonetheless, the People argue that one thing is clear from the language of section 1387(a): it applies only to successive prosecutions "for the same offense."

██ We agree. Indeed, we assumed as much in *Burris*. There we noted that successive prosecutions are "for the same offense," and are thus governed by section 1387, where "the identical criminal act . . . underlies" each of the prosecutions. (*Burris, supra,* 34 Cal.4th 1012, 1016, fn. 3.) In other words, we stated, "[w]hen two crimes *have the same elements,* they are the same offense for purposes of . . . section 1387." (*Id.* at pp. 1016–1017, fn. 3, italics added.) We included a citation to *Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110, 1118 [206 Cal.Rptr. 242] (*Dunn*), where, we observed, the Court of Appeal had "appl[ied a] same elements test to determine whether [a] new charge [was the] same offense as [a] previously dismissed one for purposes of [section] 1387." (*Burris, supra,* 34 Cal.4th at p. 1017, fn. 3.)

██ Under this test, when a prosecution for a greater offense, having been dismissed, is followed by a subsequent prosecution for a *lesser included offense,* the two prosecutions may not be "for the same offense." This is because the offense charged in the second complaint does not include all the elements of the offense charged earlier, and thus does not involve the

"identical criminal act."[6] Here, for example, the original, dismissed complaint charged a *grossly negligent* act or omission causing a traffic death, while the offense charged in the current complaint does not require proof of an act or omission of *gross negligence.*

We further explained in *Burris* that, although the rules of grammar and the canons of construction are useful tools in divining a statute's purpose, the normal principles of statutory interpretation may not, in particular circumstances, disclose a clear legislative intent behind the often-amended language of section 1387(a). In such a situation, we said, courts must remember that " '[t]hose who write statutes seek to solve human problems. Fidelity to their aims requires us to approach an interpretive problem not as if it were a purely logical game, like a Rubik's Cube, but as an effort to divine the human intent that underlies the statute.' [Citations.]" (*Burris, supra,* 34 Cal.4th 1012, 1017–1018.) We examine in this light the meaning and application to this case of the "same offense" requirement.

■ As we explained in *Burris*, "[s]ection 1387 implements a series of related public policies. It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled. [Citations.] The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. [Citations.] Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and filing of the same charges. [Citations.]

"The statute's differential treatment of misdemeanors and felonies reflects a different set of public policies. On the one hand, society has an interest in the expeditious resolution of lesser charges. Section 1387 reflects a judgment that

---

[6] As below, defendant urges that section 1387(a) should apply to all charges arising from the *same conduct or behavior* of the defendant, but the statutory language belies such a necessarily broad construction. Thus, in qualifying words section 1387 has contained since its adoption in 1872, section 1387(a) applies only to repetitive charges "for the same *offense*" (italics added), and then describes such an "offense" in terms of whether "it" is a "felony" or a "misdemeanor." This correlation implies that, for purposes of section 1387(a), an "offense" is defined not by conduct, but by its particular definition as such in the Penal Code. Thus, as *Burris* suggested, one crime is the "same offense" as another when it involves the "identical *criminal act*" as represented by the criminal *elements* necessary for conviction. (*Burris, supra,* 34 Cal.4th 1012, 1016, fn. 3, italics added.) Moreover, section 1387(a)'s use of the narrow phrase "the same offense" contrasts with the provisions of other statutes that provide broader protection against multiple prosecutions after the defendant has been *convicted or acquitted* of, or *placed in jeopardy* for, offenses arising from the same course of criminal conduct. (E.g., §§ 654 [acquittal or conviction under one statute bars further prosecution for "same act or omission" under another], 1023 [conviction, acquittal, or jeopardy under an accusatory pleading bars further prosecution for "*the offense* charged in such accusatory pleading . . . *or for an offense necessarily included therein*" (italics added)]; see *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206] [§ 654 applies to all offenses arising from "same act or course of conduct"].)

scarce prosecutorial resources should not be expended in multiple attempts to punish misdemeanor conduct and mere misdemeanants should not be subjected to serial prosecutions. [Citations.]

"On the other hand, there is a heightened societal interest in the prosecution of more serious crimes. . . . [¶] Section 1387 reflects a legislative judgment that because of the heightened threat to society posed by serious crimes, more filings should be permitted for serious crimes than for minor ones. . . ." (*Burris, supra,* 34 Cal.4th 1012, 1018–1019, fn. omitted.)[7]

Thus, the central aim of section 1387 is to prevent unlimited dismissals and refilings of complaints charging the same offense, particularly where one or more magistrates have previously found insufficient evidence to support the charge. At the same time, the statute provides slightly greater leeway in the treatment of felony charges, as a reflection of society's greater interest in prosecuting more serious offenses. Allowing the filing of a lesser included misdemeanor charge under the circumstances of this case violates none of these principles.

In the first place, a magistrate's dismissal of a complaint charging a felony may indicate only a determination that the evidence does not support *that particular charged offense.* Such a dismissal does not necessarily imply the magistrate's finding of insufficient evidence to support a lesser misdemeanor charge that lacks some elements of the greater.

In fact, the magistrate who previously dismissed the original felony charge in this case made his views on these issues clear. He found that the only element lacking in the prosecution's showing of probable cause on the original charge was that defendant, at the time of the fatal collision, operated his vehicle with gross negligence. On the other hand, the magistrate explicitly determined, there *was* sufficient evidence to support a misdemeanor charge that defendant committed an act of *ordinary* negligence resulting in a fatal accident. Ultimately accepting this assessment, the prosecution filed new charges on a different, lesser offense supported by the evidence.

Under such circumstances, section 1387(a)'s fundamental aims are not contravened by a conclusion that, following the dismissal of a greater felony charge, the statute permits the subsequent filing of a lesser misdemeanor charge that lacks the element or elements the magistrate found wanting. In such a case, the subsequent misdemeanor filing does not indicate a prosecutorial attempt to delay or harass, or to "forum shop" the same weak charges

---

[7] Of course, society's enhanced interest in pursuing more serious crimes extends to serious misdemeanors, including the offense of vehicular manslaughter. (See *In re Dennis B.* (1976) 18 Cal.3d 687, 696 [135 Cal.Rptr. 82, 557 P.2d 514].)

until a receptive magistrate is found. Instead, it represents an ameliorative effort to charge a different offense that conforms to the actual evidence.

By the same token, where, as here, the dismissal of a prior felony charge does not imply an absence of probable cause to support conviction of a lesser misdemeanor offense, section 1387(a) should not operate to leave the People with a Hobson's choice between *once again* overcharging the same felony, thereby risking a justified second and final dismissal, or abandoning all effort to prosecute the offender as a misdemeanant for a lesser crime the evidence does support. In this case, such a result would mean that defendant, as the consequence of a single prior dismissal, would, for that sole reason, be immune from prosecution for alleged negligent operation of a motor vehicle that resulted in the death of a nine-year-old boy.[8]

Defendant, like the Court of Appeal, asserts that *Burris*'s citation to *Dunn*, *supra*, 159 Cal.App.3d 1110, dictates a contrary result. As we shall explain, however, *Dunn* is distinguishable, and nothing about our reference to *Dunn* in *Burris* supports the Court of Appeal's position.

In *Dunn*, the prosecution first filed a complaint charging the defendant with the felonies of simple kidnapping (§ 207), assault with intent to commit rape (§ 220), and unconsented taking of another's vehicle with intent to deprive the owner of title or possession (Veh. Code, § 10851). The defendant was held to answer on all charges. The prosecution thereafter filed an information

---

[8] As noted above, at the conclusion of the preliminary hearing, the magistrate did not immediately dismiss the action initiated by the felony complaint charging vehicular manslaughter with gross negligence. Instead, the magistrate directed the prosecutor to substitute, by a specified date, a complaint for the misdemeanor of vehicular manslaughter with ordinary negligence. When no such misdemeanor complaint was filed within the time specified, the magistrate entered a dismissal. However, there is serious question whether the magistrate was within his powers in his effort to prevent application of section 1387(a) by permitting a misdemeanor filing before the originally filed felony complaint was dismissed. (See *People v. Superior Court (Feinstein)* (1994) 29 Cal.App.4th 323, 330, 332 [34 Cal.Rptr.2d 503] [under statutory scheme, magistrate can reduce "wobbler" charged as a felony to identical offense charged as a misdemeanor, but cannot order charges reduced from felony to *different* misdemeanor offense; effect of such attempt is to dismiss the felony complaint].) Indeed, when he ultimately dismissed the felony complaint, the magistrate opined that his prior order was in error. In any event, the prosecutor did not violate the purpose of section 1387(a), or otherwise act improperly, when he declined the magistrate's direction. After the magistrate determined that probable cause for felony charges was lacking, the People were entitled to evaluate the evidence for themselves to determine whether they should exercise their statutory right to file a *second felony* complaint.

For similar reasons, there is no merit to defendant's suggestion that the prosecutor should expressly include, in the original complaint, all misdemeanor offenses included within a charged felony. That solution would leave the prosecutor with only the misdemeanor option if the magistrate dismissed the felony charge, contrary to the statutory scheme that expressly allows a *second felony* filing.

containing only kidnapping and assault charges, and then, on the morning set for trial, obtained a dismissal of the information.

Thereafter, the People filed a second complaint with respect to the same criminal incident, charging the defendant with the felonies of kidnapping for robbery (§ 209), robbery (§ 211), receiving stolen property (§ 496), and accessory to kidnapping, robbery, and theft (§ 32). The complaint specified that the alleged robbery was the taking of the vehicle referred to in the previously dismissed accusatory pleading. After a preliminary hearing, the magistrate dismissed all except the accessory charge, finding insufficient evidence of a kidnapping or a robbery. When the prosecutor filed an information that included the dismissed counts, the defendant moved under section 1387 to dismiss the kidnapping, robbery, and receiving counts, urging that these were barred because they had twice previously been terminated. The superior court denied the motion, but the Court of Appeal reversed.

Acknowledging that section 1387 limits the number of prosecutions after dismissals of accusatory pleadings charging the "same offense," the *Dunn* court sought to determine the meaning of this statutory terminology. "[I]t is clear," *Dunn* observed, "that this phrase does not simply mean . . . the district attorney is not permitted to charge violation of the same statute." (*Dunn, supra,* 159 Cal.App.3d 1110, 1117–1118.) For guidance about how much further the prohibition might go, the court turned to *Wallace v. Municipal Court* (1983) 140 Cal.App.3d 100 [189 Cal.Rptr. 886] (*Wallace*), a case that had construed a somewhat analogous statute, the 1981 version of section 853.6, subdivision (e)(3). That statute then provided that, when an accused misdemeanant had been released by the citing officer upon written promise to appear, the officer must file a duplicate notice with the prosecuting attorney, who must initiate a prosecution, by filing the duplicate notice or a formal complaint with the magistrate, within 25 days of the arrest. Failure to initiate a timely prosecution in this manner barred further prosecution " 'of the misdemeanor charged in the notice to appear.' " (*Wallace, supra,* at pp. 104–105.)

The issue in *Wallace* was whether failure to timely prosecute the offense specified in the notice to appear in that case—driving under the influence of alcohol (DUI) (Veh. Code, former § 23152, subd. (a))—barred a subsequent prosecution for driving with a blood-alcohol content (BAC) of 0.10 percent or above (BAC 0.10) (*id.,* former subd. (b)). As *Dunn* noted, *Wallace* concluded from its survey of relevant authorities that " '[t]he general rule which can be distilled from these examples is that when the essence of the offense charged in a second action is the same as the essence of the offense in a previously dismissed action the second action will be barred.' [Citation.] The [*Wallace*] court concluded that the essence of the two offenses before it

was not the same. Although the court did not go on to provide a definition of 'essence,' it pointed out that either offense [i.e., DUI or BAC 0.10] could be committed without committing the other and held that '[t]hus the essence of the two offenses is different. . . .' [Citation.]" (*Dunn, supra,* 159 Cal.App.3d 1110, 1118, quoting *Wallace, supra,* 140 Cal.App.3d 100, 107, 109.)

Such was not true, *Dunn* concluded, with respect to the successive theft, robbery, and kidnapping charges there at issue. As *Dunn* noted, kidnapping for robbery, the offense charged in the second complaint, could not be committed without committing the previously dismissed offense of simple kidnapping. Similarly, one could not commit robbery of a specified vehicle, as charged in the second complaint, without also committing the unconsented taking of the same auto, as charged in the previously dismissed complaint. Thus, *Dunn* reasoned, dismissal of the greater offenses, after previous dismissals of their lesser counterparts, should bar further prosecutions of each such offense "on the theory that to charge the greater would be *also to charge the lesser* an additional and prohibited third time." (*Dunn, supra,* 159 Cal.App.3d 1110, 1118, italics added.)

Relating this analysis "to the 'same elements' test approved [with a citation to *Dunn*] in *Burris,*" the instant Court of Appeal concluded "*Dunn* thus stands for the proposition that for purposes of section 1387, the 'same elements' may be located not only in successive charges of the *same* offense but also in successive charges of greater *and lesser* included offenses." (Last italics added.) However, we do not read either *Dunn* or *Burris* so broadly.

At the outset, we note that neither *Dunn*, nor the decision on which it primarily relied, *Wallace*, involved a situation in which a successive charge was a *lesser included misdemeanor offense* of one or more previously dismissed felony charges. Indeed, *Dunn* presented *exactly the converse problem*, i.e., *greater* felony offenses charged *after* prior dismissals of *lesser included* offenses. Hence, to the extent *Dunn* implied that its "same elements" test, to which we referred in *Burris*, governed both greater *and lesser* successive charges, regardless of their order, that implication was dictum.

Certainly, when one or more dismissals are followed by a new charge of the *identical* offense—the situation we faced in *Burris* (see discussion, *post*)—*or a greater inclusive one*, the later charge comprises all the "same elements" of the earlier—and perhaps additional ones as well. In the first case, one or more charges of A have been followed by yet another charge of A, and in the second, one or more charges of A have been followed by a new charge of A *plus B*, which *includes* A.

As *Dunn* suggested, when one or more dismissed charges of a lesser offense are followed by a new charge of *the same or a greater inclusive offense*, the subsequent charge includes all "the same elements" as the earlier ones, and perhaps additional elements as well. (*Dunn, supra*, 159 Cal.App.3d 1110, 1118.) Thus, when one or more dismissed charges of an offense comprised of element A are followed by a new charge of the same offense, or of a greater one comprising both elements A and B, all the charges have included the common element A.

Moreover, a conclusion that section 1387(a) does strictly limit refilings under the circumstances at issue in *Dunn* comports with the fundamental statutory purpose. As we have indicated above, a prime objective of the statute is to limit prosecutorial forum shopping on evidence that prior magistrates *have already found insufficient*. That precise danger is presented if the People, after sustaining one or more dismissals of charge A for lack of evidence, can continue to refile the identical charge A, or go "up the ladder" to even more serious charges that *include* A, until they find a magistrate willing to hold the defendant to answer.

For all these reasons, acceptance of the result in *Dunn* does not compel us to conclude here that the lesser included misdemeanor charge filed in the instant case constituted "the same offense" as the greater previously dismissed felony. We decline to do so.

Finally, we disagree with the Court of Appeal that the interpretation of section 1387(a) set forth in *Burris, supra*, 34 Cal.4th 1012, requires dismissal of the instant misdemeanor charge. In *Burris*, an original complaint charged misdemeanor counts of DUI (Veh. Code, § 23152, subd. (a)) and driving with a BAC of 0.08 percent or more (*id.*, subd. (b)). Two prior DUI convictions were alleged. Before trial, the prosecutor found a third prior DUI conviction. A DUI conviction with three or more prior DUI convictions is a "wobbler" that can be punished as either a misdemeanor or a felony. (Pen. Code, § 17; Veh. Code, § 23550, subd. (a).) Electing the latter approach, the prosecutor obtained dismissal of the misdemeanor charge and refiled a felony complaint.

The defendant sought dismissal of the felony complaint, asserting that, under the "misdemeanor one-and-out" rule of section 1387, the prior *misdemeanor dismissal* barred any further prosecution. The trial court denied the motion. We affirmed the Court of Appeal decision upholding the denial. (See *Burris, supra*, 34 Cal.4th 1012, 1019.)

At the outset, we stressed there was no doubt that both the misdemeanor and felony complaints charged "the same offense" for purposes of section 1387(a). We explained that both complaints alleged the "identical criminal

act" with the "same elements"—DUI—and that Vehicle Code section 23550, subdivision (a), which allows felony punishment when there are three or more prior DUI convictions, "define[s] not [additional] elements [of the substantive offense] but conditions for imposition of sentencing enhancements." (*Burris, supra,* 34 Cal.4th 1012, 1016, fn. 3.)

We therefore proceeded to determine how section 1387(a) should apply when successive complaints have charged *the same offense,* once as a misdemeanor and once as a felony. In that circumstance, we held, the *current* charge, not the original one, determines, for purposes of section 1387(a), whether a previously dismissed complaint bars further prosecution. Thus, we reasoned, where, as in *Burris,* the current charge is a felony, it is subject to the more liberal "two-and-out" rule applicable to felony charges; while the prior dismissal counts against the prosecution, the People have a second chance to pursue the felony. (*Burris, supra,* 34 Cal.4th 1012, 1019.)

In a passage on which defendant, like the Court of Appeal, relies heavily, we acknowledged that "[o]n the other hand, as the People concede, our interpretation of section 1387[(a)] also dictates that a qualifying dismissal of a felony charge will bar the refiling of a misdemeanor charge." (*Burris, supra,* 34 Cal.4th 1012, 1020.) But that determination is not dispositive here. It applies under the circumstances addressed in *Burris*—the successive filing of misdemeanor and felony complaints charging what section 1387(a) deems *the same offense.* Here, as we have explained, the successive complaints did not charge the "same offense" for purposes of section 1387(a).

██  We therefore hold that when the People initially file a felony complaint, which is then dismissed by a magistrate on grounds there is sufficient evidence only to support a lesser included misdemeanor offense, the subsequent filing of a second complaint containing such a reduced misdemeanor charge, comprising fewer than all the elements of the previously dismissed offense, is not barred by section 1387(a).[9] Here, the dismissing magistrate specifically indicated his belief that while the evidence of felony vehicular manslaughter with gross negligence was insufficient, the evidence would support a different and lesser charge of misdemeanor manslaughter that did not require proof of a grossly negligent act or omission. Under those

---

[9] We do not confront in the case before us, and thus need not and do not address, how section 1387(a) would apply if magistrates dismissing prior complaints had made clear that specific elements of the charged offense, or evidence of the defendant's identity as the offender, were found lacking, and the People thereafter attempted a new prosecution which, though technically for a "lesser included offense," nonetheless directly contravened the prior determinations.

circumstances, the People properly could, following the first felony dismissal, file a second complaint alleging the lesser included misdemeanor.[10]

Accordingly, the judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

---

[10] As the reader will notice, we have carefully limited our holding to the situation in which an initial *felony* charge, having been dismissed by a magistrate on grounds that the evidence supports only a lesser included misdemeanor, is followed by the filing of a second complaint charging that *misdemeanor* offense. We do not here confront, and expressly do not decide, how section 1387(a) should apply when dismissed felony charges are followed by one or more new complaints charging lesser included *felonies*, or when a dismissed *misdemeanor* charge is followed by a new complaint charging a lesser included *misdemeanor*.