Filed 10/30/13

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ERICK LLOYD DIETRICK, | C073008 |
| Petitioner, | (Super. Ct. Nos. 12F01905 & 12F06313) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Kevin J. McCormick, Judge. Petition for Writ of Mandate is denied.

Charles M. Bonneau and Mark H. Sollitt for Petitioner.
No appearance for Respondent.
Kamala D. Harris, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans, Supervising Deputy Attorney General, and Clara M. Levers, Deputy Attorney General, for Real Party in Interest.

1

This case involves "'a particularly unpardonable fault of the prosecutor-unpreparedness.'" (*People v. Whitaker* (2013) 213 Cal.App.4th 999, 1006.)

## PROCEDURAL BACKGROUND

On March 16, 2012, the People filed their first felony complaint charging petitioner Erick Lloyd Dietrick with driving under the influence of alcohol (DUI) (Count One), and DUI with a blood-alcohol level above .08 percent (Count Two), and as to each count alleged he had been convicted of a felony DUI within the past 10 years. (See Veh. Code, §§ 23152, subds. (a) & (b), 23550.5.) Absent the allegation of a prior conviction for DUI, Counts One and Two would have been misdemeanors. (*Id*., § 23536, subd. (a).) Pleading and proof of the prior, to elevate the substantive counts to felonies, was required as a matter of due process. (See *People v. Casillas* (2001) 92 Cal.App.4th 171, 184.)

At the preliminary hearing held on September 20, 2012, the prosecutor neglected to produce any evidence of the alleged prior DUI, speculating after resting his case and presenting argument that he had left the evidence in his office. The magistrate (Candee, J.) held petitioner to answer on the two DUI counts as misdemeanors. Petitioner immediately attempted to plead guilty "to the sheet," but the magistrate declined to accept the plea. After a brief recess, the same prosecutor moved to reopen, apparently having found the missing evidence. The magistrate declined to reopen the hearing.[1] The prosecutor moved to dismiss the case, and the magistrate granted the motion.

On September 21, 2012, the People filed their second felony complaint, largely identical to the first, but adding two prior prison term allegations.

_____

[1] The magistrate indicated it was "offended" by the prosecutor's comparison of his request for a recess to find missing evidence (*after he had rested his case*) to defense counsel's earlier request for a facilities break. We agree with the magistrate's disapproval of the prosecutor's attempt to "equate a failure of proof to going to the bathroom." We add that a prosecutor has a duty to prepare his or her case. Blaming the People's unpreparedness on the trial court's refusal to allow the People to reopen their case was unprofessional.

Petitioner moved to dismiss pursuant to Penal Code section 1387 (§ 1387), the "two-dismissal" rule, which generally bars "further prosecution of a felony if the action has twice been previously terminated according to the provisions of that statute." (*Berardi v. Superior Court* (2008) 160 Cal.App.4th 210, 218; see generally *Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1018-1020 [describing the different statutory treatment of successive felony and misdemeanor prosecutions] (*Burris*).)

The trial court (McCormick, J.) denied the motion, finding "no purpose of [§ 1387] would be promoted" by finding two dismissals had occurred.

Petitioner filed the instant petition for a writ of mandate commanding the trial court to grant his motion to dismiss. We stayed further proceedings and, after considering the People's preliminary opposition, issued an alternative writ.

We now deny the petition and lift the stay, because we find the two-dismissal rule inapplicable to these procedural facts.

## DISCUSSION

Section 1387 provides in relevant part as follows:

"(a) An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995, or if it is a misdemeanor not charged together with a felony, except in those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor the judge or magistrate finds any of the following:

"(1) That substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at, or prior to, the time of termination of the action."

"Despite the reference in P.C. 1387(a) to an order 'terminating an action,' it is now well established that the provision applies to the dismissal of a single count in a criminal proceeding, even though the entire . . . complaint is not dismissed." (5 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) Criminal Trial, § 481(3), p. 749 (Witkin).)

3

Petitioner's claim in this court is straightforward: "Further prosecution as a felony is barred by the two-dismissal rule of section 1387. The felony charge has been dismissed [i.e., by the magistrate] for failure of proof. The identical misdemeanor charge has been dismissed [on the People's motion] in the interests of justice. Further prosecution of this charge is barred by statute."

The flaw in this reasoning is that the magistrate's act of finding the prior alleged DUI conviction not true was not the dismissal of any "felony charge" as petitioner states, but was instead merely the "dismissal" of a *penalty allegation*. (Cf. *Burris*, *supra*, 34 Cal.4th at p. 1020 ["either two felony dismissals or one misdemeanor and one felony dismissal[fn.] will bar a subsequent felony charge"].)

The prior DUI allegation was a penalty provision, or "sentence-enhancing statute and not a substantive offense statute." (*People v. Coronado* (1995) 12 Cal.4th 145, 152, fn. 5 [describing similar former statute]; see *People v. Muhammad* (2007) 157 Cal.App.4th 484, 492-493.) That penalty allegation was dismissed *once*. It was dismissed as a matter of law when the magistrate found no evidence had been produced to support it, and declined to hold petitioner to answer for it. (See *In re Williams* (1985) 164 Cal.App.3d 979, 982-983 (*Williams*); 4 Witkin, *supra*, Pretrial Proceedings, § 174, p. 443.) "[A] failure or refusal to hold, even without a formal order of dismissal, constitutes a termination of the action within the meaning of section 1387." (*Williams*, *supra*, at p. 983; see *Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110, 1119.)

The magistrate held petitioner to answer for the substantive DUI charges. The magistrate then dismissed those two charges at the request of the People, *once*. The People's request for dismissal did not encompass and could not have encompassed dismissal of the penalty allegation because that allegation had already been dismissed due to the prosecutor's unpreparedness, resulting in a failure of proof. The dismissal of the prior was the action which caused the substantive charges to revert to misdemeanors,

which were then themselves dismissed on the People's motion.  Therefore that penalty allegation was not dismissed twice, as petitioner assumes, but only once.

The People could not simply have ignored the magistrate's factual finding as to the prior, and filed a felony information.  (See *Jones v. Superior Court* (1971) 4 Cal.3d 660, 665-668 [magistrate's explicit finding of consent by alleged victim precluded charging rape in the information].)  Instead, after neglecting to bring critical evidence to court, the prosecutor proceeded in a permissible manner by dismissing the current complaint and refiling the case.  (See *People v. Uhlemann* (1973) 9 Cal.3d 662, 668-669 ["nothing we said in *Jones* would have precluded the People from rejecting the magistrate's findings altogether, dismissing the complaint, and refiling the same charges with another magistrate (or alternatively seeking an indictment)"].)

As stated by our Supreme Court in a somewhat analogous case:

> "A primary purpose of section 1387(a) is to protect a defendant against harassment, and the denial of speedy-trial rights, that result from the repeated dismissal and refiling of identical charges.  In particular, the statute guards against prosecutorial 'forum shopping'-the persistent refiling of charges the evidence does not support in hopes of finding a sympathetic magistrate who will hold the defendant to answer.  On the other hand, the statute was not intended to penalize the People when, following a magistrate's dismissal of a first felony complaint on the grounds the evidence supports only a lesser included misdemeanor, they elect to refile that lesser charge *rather than exercise their undoubted statutory right to refile the felony*.  Under such circumstances, prosecutors do not abuse, but actually promote, the statutory purposes." (*People v. Traylor* (2009) 46 Cal.4th 1205, 1209 (*Traylor*), emphasis in original; see *People v. Hernandez* (2010) 181 Cal.App.4th 404, 411-412 ["This case continued on its original trajectory, without additional harassment to defendant, without the possibility of forum shopping and without endangering defendant's right to a speedy trial"].)

Here, the substantive DUI counts, having been dismissed only once before when they stood as misdemeanors, could be refiled as felonies, in the company of the prior DUI conviction allegation, without violating the two-dismissal rule. (See *Traylor*, *supra*, 46 Cal.4th at p. 1209.)

In illustrative contrast, the People point to *People v. Ramos* (1982) 32 Cal.3d 26 (*Ramos*), where a special circumstance (a penalty provision) *was* dismissed twice.  At the first preliminary hearing, Ramos was charged with murder with a special circumstance, but was not held to answer, and his case was dismissed.  (*Id*. at p. 29.)  The People refiled charges against Ramos, and after a second preliminary hearing, he was held to answer on murder, but not the special circumstance.  (*Ibid*.)  The People were barred from including the special circumstance in the information, because it had been dismissed twice, first when Ramos was not held to answer for any charges at the first preliminary hearing, and a second time when Ramos was not held to answer for the special circumstance at the second preliminary hearing.  (*Id*. at pp. 31-37.)

Here, as we have explained, the felony DUI penalty provision, unlike the special circumstance in *Ramos*, was dismissed only once. While this means petitioner may indeed face a second preliminary hearing and felony prosecution, this does not constitute the kind of "harassment" that section 1387 was designed to prevent.

## DISPOSITION

The petition for writ of mandate is denied.  The stay previously issued by this court is lifted upon finality of this decision in this court.


                                                DUARTE              , J.


We concur:


        NICHOLSON        , Acting P. J.


        BUTZ         , J.