Filed 3/17/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S219889 |
| v. | ) | |
| | ) | Ct.App. 4/3 G049037 |
| GERARDO JUAREZ, | ) | |
| | ) | Orange County |
| Defendant and Respondent. | ) | Super. Ct. No. 12CF3528 |
| _____ | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Ct.App. 4/3 G049038 |
| EMMANUEL JUAREZ, | ) | |
| | ) | Orange County |
| Defendant and Respondent. | ) | Super. Ct. No. 12CF3528 |
| _____ | ) | |

Penal Code section 1387 generally permits a felony charge to be dismissed and refiled once, but not twice.[1] Two dismissals "bar . . . any other prosecution for the same offense." (§ 1387, subd. (a).) Here, charges that defendants committed attempted murder were dismissed twice. The People then charged them with conspiracy to commit murder based on the same underlying facts as the twice-dismissed charges. The Court of Appeal held that conspiracy to commit

---

[1] All further statutory references are to the Penal Code.

1

murder is not the "same offense" as attempted murder under section 1387, and thus the statute does not bar prosecution for that crime.  The court expressed unease with this conclusion but believed that a recent opinion from this court compelled it.  (*People v. Traylor* (2009) 46 Cal.4th 1205 (*Traylor*).)

We conclude that *Traylor* does not govern this situation.  Because, as pleaded, the conspiracy charges contain all of the elements of the twice-dismissed attempted murder charges, they are the same offenses under section 1387.

## I. FACTUAL AND PROCEDURAL HISTORY

We adopt the Court of Appeal's summary of the factual and procedural history.

"In June 2011, the People filed their initial complaint against defendants Gerardo Juarez and Emmanuel Juarez, alleging, among other things, two counts of attempted murder against each defendant.  In November 2011, the court held a preliminary hearing that disclosed the following evidence.

"This case arises from an incident in which defendant Emmanuel fought with victim John Doe.  Prior to the fight, Emmanuel handed a gun to defendant Gerardo.  During the fight, Gerardo handed the gun back to Emmanuel.  Emmanuel then shot John Doe.  John Doe's companion, Jane Doe, attempted to flee, but defendants caught up to her and Gerardo shot her in the thigh.

"After defendants were held to answer, the People filed an information alleging two counts of attempted murder (§§ 664, subd. (a), 187, subd. (a)) against both defendants, and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)) against Gerardo.  Nearly eight months later, in June of 2012, the People filed an amended information that added counts for assault with a firearm (§ 245, subd. (b)).  For reasons not disclosed in the record, in July 2012 the court granted the People's motion to dismiss the case.

"That same day, the People refiled the same charges. In November 2012, the People were not ready to proceed to trial and requested a continuance. The court granted the continuance to December 10, 2012, but warned that December 10 would be day 10 of 10. On December 10, the People were again not ready to proceed, so the court dismissed the case in its entirety.

"The People then filed a third case against defendants, this time alleging two counts of conspiracy to commit murder. The facts recited in the complaint indicate the charges were based on the same incident as the previous complaints.

"Defendants moved to dismiss this complaint under section 1387. The magistrate denied the motion without comment.

"Defendants then petitioned the superior court for a writ of mandate or prohibition, which the court treated as a petition for writ of habeas corpus. During oral argument, the court posed the following questions to the People: 'Where is the limit in regard to your theory of refiling? [¶] If we take assaultive conduct like attempted murder, you could have two dismissals for an assault with a deadly weapon, and then you could have two dismissals for an attempted vol[untary manslaughter], and then you could have two dismissals for assault by force likely to produce great bodily injury, and then you could have two dismissals for a [section] 243[, subdivision (d)] battery causing great bodily injury. Where would it end?' The court later granted the petition without further comment and dismissed the case. The People timely appealed." (Fns. omitted.)

The Court of Appeal reversed the judgment dismissing the case and directed the trial court to reinstate it. Relying on this court's interpretation of section 1387 in *Traylor*, *supra*, 46 Cal.4th 1205, it held that conspiracy to commit murder is not the "same offense" as attempted murder under section 1387, and thus section 1387 does not bar filing the third complaint. It "recognize[d] the result we reach is counterintuitive, and generally not in keeping with the policies

3

section 1387 is supposed to represent," but it believed its "hands [were] tied." "Ultimately," the court said, "we are bound by our Supreme Court. And while we believe the trial court has raised a legitimate concern, that concern is properly directed to our Supreme Court's narrow interpretation of the term 'same offense.' "

We granted defendants' petitions for review to decide how to apply section 1387 in this situation.

## II. DISCUSSION

Section 1387, subdivision (a), provides: "*An order terminating an action* pursuant to this chapter, or Section 859b, 861, 871, or 995, *is a bar to any other prosecution for the same offense if it is a felony* or if it is a misdemeanor charged together with a felony *and the action has been previously terminated* pursuant to this chapter, or Section 859b, 861, 871, or 995, or if it is a misdemeanor not charged together with a felony, except in those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor the judge or magistrate finds any of the following: [circumstances not relevant here] . . . ." (Italics added; see *Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1016 (*Burris*).)

In *Burris*, we described this "108-word, 13-comma, no period subdivision [as] hardly pellucid." (*Burris*, *supra*, 34 Cal.4th at p. 1018.) But here, the statutory question is quite straightforward. Everyone agrees this case is a felony, and that the original action was terminated twice within the meaning of section 1387. Thus, section 1387 bars another prosecution "for the same offense." The question here is whether the most recent complaint, charging defendants with conspiracy to commit murder, is for the same offense as the previous action, which charged defendants with attempted murder.

4

Describing the statutory question as straightforward does not mean it is easy. It is actually quite difficult. What the Legislature means by "same offense" is far from clear. Obviously, if the new matter charges precisely the same offense as the twice-terminated action, section 1387 would bar further prosecution. But what if the new charge is slightly different? Is it still the same offense? Can the prosecution continually refile felony charges (twice each) as long as it finds different penal provisions to charge? If not, how different must the new charge be to not be the same offense?

The district attorney argues that attempted murder and conspiracy to commit murder are not the same offense under section 1387 because they contain different elements. They do, indeed, contain different elements. Conspiracy to commit murder requires an agreement to commit murder and an overt act by one or more of the conspirators. (*People v. Smith* (2014) 60 Cal.4th 603, 616.) Attempted murder requires the intent to kill and a direct but ineffectual act toward accomplishing the intended killing. (*People v. Superior Court (Decker)* (2007) 41 Cal.4th 1, 7.) Because an agreement to commit murder necessarily includes an intent to kill (*People v. Swain* (1996) 12 Cal.4th 593, 607), both crimes require an intent to kill. But attempted murder does not require an agreement. Conspiracy does not require an ineffectual act toward accomplishing the killing. Instead, it requires only an overt act, which might merely be preparatory to committing the crime and need not itself constitute a criminal attempt. (*People v. Johnson* (2013) 57 Cal.4th 250, 259.) But whether the charges have identical elements is only part of the question.

We have grappled with section 1387 twice in recent years. In *Burris*, *supra*, 34 Cal.4th 1012, a misdemeanor complaint was dismissed, followed by a felony charge based on the same conduct. We held that, although the misdemeanor could not be recharged, the case could be recharged as a felony,

5

which is barred only after two terminations. (*Id*. at p. 1015.) Because this case has always been prosecuted as a felony, and the earlier matter was dismissed twice, *Burris* does not address the precise question here. But it helps guide the analysis.

We are trying to discern legislative intent. " 'And that intent is critical. Those who write statutes seek to solve human problems. Fidelity to their aims requires us to approach an interpretive problem not as if it were a purely logical game, like a Rubik's Cube, but as an effort to divine the human intent that underlies the statute.' " (*Burris*, *supra*, 34 Cal.4th at p. 1017, quoting *J.E.M. AG Supply v. Pioneer Hi-Bred* (2001) 534 U.S. 124, 156 (dis opn. of Breyer, J.).)

To divine the meaning of the term "same offense," "we must consider the human problems the Legislature sought to address in adopting section 1387 — ' "the ostensible objects to be achieved [and] the evils to be remedied." ' " (*Burris*, *supra*, 34 Cal.4th at p. 1018.) "Section 1387 implements a series of related public policies. It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled. [Citations.] The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. [Citations.] Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges." (*Ibid*.)

By providing that a single dismissal of a misdemeanor bars further prosecution for the same offense but requiring two dismissals for felonies, "[s]ection 1387 reflects a legislative judgment that because of the heightened threat to society posed by serious crimes, more filings should be permitted for serious crimes than for minor ones." (*Burris*, *supra*, 34 Cal.4th at p. 1019, fn. omitted.) "As further proof of this intent, while two filings are allowed for most felonies, section 1387.1 carves out the most serious category of felonies, violent felonies, and allows a third filing for these crimes under certain circumstances."

6

(*Id*. at p. 1019, fn. 6.) "Indeed, until 1975, the interest in prosecuting felonies was considered so much greater that, while a one-dismissal rule applied to misdemeanors, felony charges could be refiled ad infinitum. [Citations.]" (*Id*. at p. 1019.)

We considered the proper interpretation of section 1387's words, "same offense," in *Traylor*, *supra*, 46 Cal.4th 1205, the case a reluctant Court of Appeal believed compelled its conclusion in this case. In *Traylor*, the original complaint charged the defendant with vehicular manslaughter with gross negligence. After the preliminary hearing, the magistrate found the evidence insufficient to support a finding of gross negligence but sufficient to support a misdemeanor charge of negligent vehicular manslaughter. Thereafter, the complaint was dismissed. Later, after consulting with the California Highway Patrol Multidisciplinary Accident Investigation Team, the prosecution filed a new complaint charging defendant with the misdemeanor of negligent vehicular manslaughter. (*Id*. at pp. 1210-1211.) The defendant argued section 1387 barred the second complaint because a single dismissal of a misdemeanor bars further prosecution for the same offense.

For several reasons, we concluded that section 1387 did not bar the new misdemeanor prosecution. First, citing *Burris*, *supra*, 34 Cal.4th 1012, we noted that two crimes having the same elements are the same offense under section 1387. But because the misdemeanor charge did not require gross negligence, "the felony and misdemeanor charges did not include the identical elements." (*Traylor*, *supra*, 46 Cal.4th at p. 1208.) Then, again following *Burris*'s lead, we considered the meaning of "same offense" by trying to divine the intent behind the statute. (*Id*. at pp. 1208-1209.)

After noting section 1387's purposes (protecting a defendant against harassment and the denial of speedy trial rights resulting from repeated dismissals,

7

and guarding against prosecutorial forum shopping), we explained that "the statute was not intended to penalize the People when, following a magistrate's dismissal of a first felony complaint on the grounds the evidence supports only a lesser included misdemeanor, they elect to refile that lesser charge *rather than exercise their undoubted statutory right to refile the felony*. Under such circumstances, prosecutors do not abuse, but actually promote, the statutory purposes." (*Traylor*, *supra*, 46 Cal.4th at p. 1209.) "Under these circumstances, we conclude[d], the filing and dismissal of the originally charged felony, followed in immediate succession by the filing of a *lesser misdemeanor charge* that lacked elements essential to the felony, did not constitute successive filings 'for the same offense.' " (*Ibid*.)

We explained in greater detail that under the circumstances of the case, "section 1387[, subdivision] (a)'s fundamental aims are not contravened by a conclusion that, following the dismissal of a greater felony charge, the statute permits the subsequent filing of a lesser misdemeanor charge that lacks the element or elements the magistrate found wanting. In such a case, the subsequent misdemeanor filing does not indicate a prosecutorial attempt to delay or harass, or to 'forum shop' the same weak charges until a receptive magistrate is found. Instead, it represents an ameliorative effort to charge a different offense that conforms to the actual evidence. [¶] By the same token, where, as here, the dismissal of a prior felony charge does not imply an absence of probable cause to support conviction of a lesser misdemeanor offense, section 1387[, subdivision] (a) should not operate to leave the People with a Hobson's choice between *once again* overcharging the same felony, thereby risking a justified second and final dismissal, or abandoning all effort to prosecute the offender as a misdemeanant for a lesser crime the evidence does support." (*Traylor*, *supra*, 46 Cal.4th at pp. 1214-1215.)

8

We rejected the defendant's argument that section 1387 should automatically "apply to all charges arising from the *same conduct or behavior* of the defendant." (*Traylor*, *supra*, 46 Cal.4th at p. 1213, fn. 6.) In language the Court of Appeal cited, we contrasted section 1387's use of the term "same offense" with section 654's language barring a prosecution for the "same act or omission" following an acquittal or conviction on earlier charges. We noted that section 654 provides "broader protection against multiple prosecutions after the defendant has been *convicted or acquitted* of, or *placed in jeopardy* for, offenses arising from the same course of criminal conduct." (*Traylor*, at p. 1213, fn. 6.) We said that "for purposes of section 1387[, subdivision] (a), an 'offense' is defined not by conduct, but by its particular definition as such in the Penal Code." (*Ibid*.)

We discussed and distinguished, but did not disagree with, *Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110 (*Dunn*), which held that a subsequent prosecution was for the same offense as a twice-dismissed matter even though the crimes' statutory elements were not identical. (*Traylor*, *supra*, 46 Cal.4th at pp. 1215-1218.) Finally, we concluded that "[u]nder those circumstances, the People properly could, following the first felony dismissal, file a second complaint alleging the lesser included misdemeanor." (*Id*. at pp. 1219-1220.) But we stressed that "we have carefully limited our holding to the situation in which an initial *felony* charge, having been dismissed by a magistrate on grounds that the evidence supports only a lesser included misdemeanor, is followed by the filing of a second complaint charging that *misdemeanor* offense." (*Id*. at p. 1220, fn. 10.) We offered no opinion regarding "how section 1387[,subdivision] (a) should apply when dismissed felony charges are followed by one or more new complaints charging lesser included *felonies* . . . ." (*Ibid*.)

The Court of Appeal interpreted, and the district attorney cites, *Traylor*, *supra*, 46 Cal.4th 1205, as holding that when a new charge does not have the same statutory elements as the twice-dismissed charge, it is never the same offense under section 1387. Because conspiracy to commit murder does not contain the same elements as attempted murder, they conclude, it is not the same offense under section 1387. They read too much into *Traylor*. We stated what is clearly correct, namely, that when the later offense contains the same elements as the twice-dismissed charge, it is the same offense. But we did not say the converse — that a later charged offense that contains different elements than the earlier charge is *never* the same offense under section 1387. The circumstance that the later charged misdemeanor had different elements than the dismissed felony was a necessary part of, but was not the sole reason for, our conclusion in *Traylor*. Our holding turned on the specific circumstances, including, above all, that in practical effect, the misdemeanor offense had never been dismissed because the magistrate had found the evidence insufficient for the felony but sufficient for the misdemeanor.

*Traylor*, *supra*, 46 Cal.4th 1205, and *Burris*, *supra*, 34 Cal.4th 1012, make clear that in interpreting what is and what is not the "same offense" under section 1387, courts must consider the statute's purposes. In *Traylor*, prohibiting the prosecution from charging the misdemeanor that the magistrate had found the evidence supported would have furthered none of those purposes. Here, because no magistrate has found an evidentiary insufficiency, guarding against forum shopping is not implicated. But the purposes of protecting a defendant against harassment and the denial of speedy trial rights that repeated filings cause are very much implicated.

The Penal Code and the penal provisions of other codes define many crimes, some of which are similar, although not identical, to other crimes. Under

10

the district attorney's position, repeated filings would be permissible whenever possible future charges are held in reserve. As the superior court noted, for assaultive conduct, several possible crimes come readily to mind. And the number of possible filings would be double the number of possible crimes (or triple, if section 1387.1 comes into play). Only the prosecution's creativity and the size of the Penal Code and penal provisions in other codes would limit the number of possible filings. Permitting such repeated filings would subvert, not further, section 1387's purposes. It cannot be what the Legislature had in mind in enacting section 1387.

As explained, the statutory elements of conspiracy to commit murder do not include all of the elements of attempted murder. But examining the statutory elements is not the only method to determine whether one crime is included in another. In many circumstances where we are seeking to identify a lesser and necessarily included relationship, "we apply either the elements test or the accusatory pleading test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404; cf. *People v. Reed* (2006) 38 Cal.4th 1224, 1229 [for purposes of § 954, only the statutory elements test applies].)

We see no reason not to apply the accusatory pleading test in this situation. Indeed, *Dunn*, *supra*, 159 Cal.App.3d 1110, has already done so. Applying that test, *Dunn* held that a robbery charge was the same offense under section 1387 as a previously dismissed automobile theft charge. The court reasoned that the term "same offense" was broad enough to include both greater and necessarily included lesser offenses. (*Dunn*, at pp. 1117-1118.) It explained that, "[a]lthough every

11

robbery does not include an auto theft, the concept of necessarily included offenses permits reference to the facts in the accusatory pleading. . . . Here, the essence of the auto theft and robbery is the same since the robbery was specifically alleged to be the taking of the same automobile." (*Id*. at pp. 1118-1119.) In *Traylor*, we cited this analysis with approval and stated that *Dunn*'s conclusion "comports with the fundamental statutory purpose." (*Traylor*, *supra*, 46 Cal.4th at p. 1218.) We thus conclude respecting multiple felony offenses that if, as pleaded, either charge is necessarily included in the other charge, the new charge is the same offense under section 1387.

Applying this test, the conspiracy to commit murder charges, as pleaded, are the same offenses as the previously dismissed attempted murder charges. The element of attempted murder that is missing from conspiracy to commit murder is a direct but ineffectual act toward accomplishing the intended killing. The felony complaint in this case alleged several overt acts regarding each conspiracy charge, including actually shooting the intended victim of each alleged conspiracy. Alleging an actual shooting of the intended victim necessarily also alleges a direct act toward accomplishing the intended killing. Accordingly, as pleaded, the conspiracy charges include all of the elements of the previous attempted murder charges, thus making them the same offenses as the previous charges.

We recognize that applying the accusatory pleading test, as we do to resolve this case, will not solve all problems that might arise in other cases. We do not suggest that the accusatory pleading test is the only basis on which to find that a new charge containing different statutory elements is the same offense as an earlier charge. Instead, we leave it to future courts — considering section 1387's language and purposes, and bearing in mind that the rationale of *Traylor*, *supra*, 46 Cal.4th 1205, is limited to its situation — to determine whether a new charge is or is not the same offense in other circumstances.

12

The district attorney argues that, in this case, there is "no evidence of prosecutorial malfeasance" or "attempts to harass or evade speedy trial rights." Even if factually correct, the argument misses the mark. Except as affected by section 1387.1, section 1387 provides a clear rule barring further prosecution for the same felony offense that has been twice dismissed. No finding of malfeasance or additional investigation into the prosecutor's motivation in the specific case is required or warranted.

## III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with this opinion.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.
CUÉLLAR, J.
KRUGER, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Juarez

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 227 Cal.App.4th 1138
**Rehearing Granted**

_____

**Opinion No.** S219889
**Date Filed:** March 17, 2016

_____

**Court:** Superior
**County:** Orange
**Judge:** Gregg L. Prickett

_____

**Counsel:**

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Frank Davis, Alternate Public Defender, and Antony C. Ufland, Deputy Alternate Defender, for Defendant and Respondent Gerardo Juarez.

John F. Schuck, under appointment by the Supreme Court, for Defendant and Respondent Emmanuel Juarez.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Brian F. Fitzpatrick
Deputy District Attorney
Post Office Box 808
Santa Ana, CA  92702
(714) 347-8789

Antony C. Ufland
Deputy Alternate Defender
600 W. Santa Ana Boulevard, #600
Santa Ana, CA  92701
(714) 568-4160