Filed 5/27/16  P. v. Juarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GERARDO JUAREZ and EMMANUEL JUAREZ,<br><br>    Defendants and Respondents. | G049037 (consol. with G049038)<br><br>(Super. Ct. No. 12CF3528)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg Prickett, Judge.  Affirmed.

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Frank Davis, Alternate Defender, and Antony C. Ufland, Deputy Alternate Defender, for Defendant and Respondent Gerardo Juarez.

John F. Schuck for Defendant and Respondent Emmanuel Juarez.

\*        \*        \*

Penal Code section 1387[1] limits the number of times the People may file a complaint for the "same offense." In the case of a felony, the People may file twice. Here, twice the People filed attempted murder charges, and both cases were dismissed. The People then filed a third complaint. Instead of filing charges of attempted murder, which would be barred under section 1387, the People alleged *conspiracy* to commit murder, which arose out of the same underlying incident. The trial court held this was the "same offense," for purposes of section 1387, and dismissed the complaint. The People appealed, and we reversed based on our high court's decision in *People v. Traylor* (2009) 46 Cal.4th 1205, 1208, where the court, interpreting section 1387, held that two charged offenses are the "same offense" only if they include "identical elements." We observed that applying that rule in this case would violate the policies animating section 1387, but we believed ourselves bound by our high court's holding.

The California Supreme Court reversed our judgment. (*People v. Juarez* (2016) 62 Cal.4th 1164.) It held that while *People v. Traylor*, *supra*, 46 Cal.4th 1205 stands for the proposition that two offenses with the same elements are the same offense, "we did not say the converse — that a later charged offense that contains different elements than the earlier charge is *never* the same offense under section 1387." (*Juarez*, at p. 1173.) The court held that while examining the statutory elements is one way of determining whether two offenses are the same offense, courts may also apply the accusatory pleading test in this context. "'Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.'" (*People v. Shockley* (2013) 58 Cal.4th 400, 404.) "Applying this test, the conspiracy to commit murder charges, as pleaded, are the same offenses as the previously dismissed attempted murder charges.

---

[1] All statutory references are to the Penal Code.

The element of attempted murder that is missing from conspiracy to commit murder is a direct but ineffectual act toward accomplishing the intended killing.  The felony complaint in this case alleged several overt acts regarding each conspiracy charge, including actually shooting the intended victim of each alleged conspiracy.  Alleging an actual shooting of the intended victim necessarily also alleges a direct act toward accomplishing the intended killing.  Accordingly, as pleaded, the conspiracy charges include all of the elements of the previous attempted murder charges, thus making them the same offenses as the previous charges." (*People v. Juarez*, *supra,* 62 Cal.4th at p. 1174.)  Following our high court's holding, we affirm the trial court's judgment.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.

3